LAURA L. CHAPMAN, Cal. Bar No. 167249
E-mail:  lchapman@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:  415-434-9100
Facsimile:   415-434-3947

BRIDGETTE AGNESS, Cal. Bar No. 221900
E-mail:  bagness@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  (213) 620-1780
Facsimile:  (213) 620-1398

KENT RAYGOR, Cal. Bar No. 117224
E-mail:  kraygor@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:  (310) 228-3700
Facsimile:  (310) 228-3701

Attorneys for Defendant
WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULTIMATE BRAND MANAGEMENT, LLC, a Delaware limited liability company, | Case No. 2:15-cv-10001 BRO (AJWx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation; and DOES 1-10, | |
| Defendants. | |

SMRH:478990138.1

-1-

1    WHEREAS, Plaintiff Ultimate Brand Management, LLC ("UBM") and

2 Defendant Wal-Mart Stores, Inc. ("Walmart") believe that certain information that is

3 or may be sought by discovery requests in this action constitutes trade secrets or

4 other confidential research, development or commercial information within the

5 meaning of FED. R. CIV. P. 26(c), including without limitation, financial

6 information, customer information, business and marking plans, manufacturing

7 documents, and sales and marketing documents; and

8    WHEREAS, UBM and Walmart believe that it would facilitate

9 discovery to produce such information under a protective order pursuant to FED. R.

10 CIV. P. 26(c);

11    WHEREAS, in light of the parties' agreement on all terms of this

12 Protective Order, UBM and Walmart believe that entry of the Protective Order as

13 agreed upon would facilitate discovery.

14    NOW, THEREFORE, this Protective Order is entered pursuant to

15 stipulation of the parties:

16    **STIPULATED PROTECTIVE ORDER**

17    1.    This Stipulated Protective Order shall govern the disclosure of

18 materials designated as Confidential Material during the course of discovery.

19 Confidential Material, as used in this Order, shall refer to any document, item, or

20 information designated as Confidential or Attorneys' Eyes Only, including but not

21 limited to, documents, items, or information produced during discovery, and all

22 copies thereof.

23    2.    Confidential Material, as used in this Order, consists of the following

24 materials and categories of materials:

25        a.    Materials relating to any non-public confidential, privileged or

26            proprietary technical, scientific, commercial, business or financial

27            information, including, but not limited to, trade secrets, research,

28            design, development, marketing, planning, personnel, or commercial

1   information, as such terms are used in the Federal Rules of Civil

2   Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or

3   the former Rule 26(c)(7), contracts; vendor agreements; claim/litigation

4   information; or certain policies and procedures.

5   b.      Materials containing highly confidential and sensitive non-public

6   technical, scientific, commercial, business, or financial information,

7   including corporate trade secrets, research and development data,

8   pricing formulas, inventory management programs, and customer-

9   related Protected Data are considered Highly Confidential Material and

10  shall be deemed "ATTORNEYS' EYES ONLY –SUBJECT TO

11  PROTECTIVE ORDER."  Qualified recipients of materials marked

12  "ATTORNEYS' EYES ONLY –SUBJECT TO PROTECTIVE

13  ORDER" shall include only those individuals identified in Paragraph 7.

14  c.      Protected Data shall refer to any information that a party believes

15  in good faith to be subject to federal, state or foreign data protection

16  laws or other privacy obligations. Examples of such data protection

17  laws include but are not limited to The Gramm-Leach-Bliley Act, 15

18  U.S.C. § 6801 et seq. (financial information); and, The Health

19  Insurance Portability and Accountability Act and the regulations

20  thereunder, 45 CFR Part 160 and Subparts A and E of Part 164

21  (medical information). Certain Protected Data may compel alternative

22  or additional protections beyond those afforded Highly Confidential

23  Material, in which event the parties shall meet and confer in good faith,

24  and, if unsuccessful, shall move the Court for appropriate relief.

25  d.      Any party or nonparty responding to discovery in this action

26  shall have the right to designate any document, testimony, or other

27  information or material as either CONFIDENTIAL or ATTORNEYS'

28  EYES ONLY, if the party has a good-faith belief that the material

SMRH:478990138.1

-3-

1    satisfies the definitions of CONFIDENTIAL or ATTORNEYS' EYES

2    ONLY herein.

3        e.        A party that disputes a confidentiality designation hereunder

4    shall challenge such designation within a reasonable time after the

5    materials are so designated, pursuant to the procedures of Local Rules

6    37-1 through 37-4.  If the dispute cannot be resolved, the receiving

7    party may apply to the Court for a ruling regarding the designated

8    material, in which case the burden of proving that material has been

9    properly designated shall be on the designating party.  Pending such

10   application and ruling, the receiving party shall treat such material as

11   CONFIDENTIAL or ATTORNEYS' EYE ONLY material under this

12   PROTECTIVE ORDER.

13       3.        If any party seeks to designate additional documents or information

14   produced by another party or non-party as Confidential Material, it will be the

15   burden of the party seeking protected status to move for a Court Order designating

16   the materials as confidential after the parties confer.

17       4.        The parties agree that Confidential Material as described in paragraph 2

18   should be given the protection of an order of this Court to prevent injury through

19   disclosure to persons other than those persons involved in the prosecution or defense

20   of this litigation.

21       5.        To designate information as Confidential Material, the designating

22   party shall mark Confidential Material with the legend "CONFIDENTIAL –

23   SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY –

24   SUBJECT TO PROTECTIVE ORDER" and shall submit confidential discovery,

25   such as answers to interrogatories or requests for admissions, in a separate document

26   stamped with the appropriate legend.  The receiving party may make copies of

27   Confidential Material and such copies shall become subject to the same protections

28   as the Confidential Material from which those copies were made.

SMRH:478990138.1
                                                        -4-

1      a.    Information on a disk or other electronic format may be

2  designated confidential by marking the storage medium itself with the

3  legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

4  or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE

5  ORDER."  However, any images, files or other electronically stored

6  information contained within the designated storage medium, e.g., disk,

7  DVD, thumb or flash drive, etc., that are capable of being reproduced

8  by making a hard-copy printout of such image, file or electronically

9  stored information shall also be designated with the desired

10  confidentiality legend so that any hard-copy printouts made by the

11  receiving party shall bear the confidential designation intended to be

12  made by the designating party.  The receiving party shall mark any

13  permissible copies of the designated storage medium itself, e.g., disk,

14  DVD, thumb or flash drive, etc., with the corresponding legend

15  contained on the original and such copies shall become subject to the

16  same protections, as the Confidential Material from which those copies

17  were made.

18      b.    Information disclosed at any deposition of a party or nonparty in

19  this action may be designated by any party as confidential by indicating

20  on the record at the deposition that the information is confidential and

21  subject to the provisions of this Order. Alternatively, the designating

22  party may designate information disclosed at the deposition as

23  confidential by notifying the court reporter and other parties in writing,

24  within 15 business days of receipt of the transcript, of the specific

25  pages and lines of the transcript that are being designated as

26  confidential.  The parties may agree to a reasonable extension of the 15

27  business day period for designation.  Designations of transcripts will

28  apply to audio, video, or other recordings of the testimony.  During

1    such 15 business day period, and any reasonable extensions thereof

2    agreed upon by the parties, the entire transcript shall receive

3    confidential treatment.  Upon such designation, the court reporter and

4    each party shall affix the "CONFIDENTIAL – SUBJECT TO

5    PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY –

6    SUBJECT TO PROTECTIVE ORDER" legend to the designated pages

7    and segregate them as appropriate.

8         c.    Copies of Confidential Material described in paragraph 2 above,

9    or incorporated into paragraph 2 by Court Order, and which were

10   produced without the designation of "CONFIDENTIAL –SUBJECT

11   TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY –

12   SUBJECT TO PROTECTIVE ORDER" may be so designated later if

13   the designating party failed to make such designation at the time of

14   production through inadvertence or error. If such information has been

15   disclosed to persons not qualified to receive such information pursuant

16   to paragraph 7 below, the party who disclosed such information shall

17   take reasonable efforts to retrieve previously disclosed Confidential

18   Material and advise such persons that the material is Confidential and

19   must be returned.

20        6.    Pursuant to Federal Rule of Evidence 502(d), disclosure (including

21   production) of information that a party or non-party later claims should not have

22   been disclosed because of a privilege, including, but not limited to, the attorney-

23   client privilege or work product doctrine ("Privileged Information"), shall not

24   constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney

25   work product, or other ground for withholding production as to which the producing

26   party would be entitled in the Litigation or any other federal or state proceeding.

27   Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of

28   Evidence 502(e), the receiving party hereby agrees to return, sequester, or destroy

SMRH:478990138.1                                -6-

1   any Privileged Information disclosed or produced by the producing party upon

2   request.  If the receiving party reasonably believes that Privileged Information has

3   been inadvertently disclosed or produced to it, it shall promptly notify the producing

4   party and sequester such information until instructions as to disposition are received.

5   The failure of any party to provide notice or instructions under this Paragraph shall

6   not constitute a waiver of, or estoppel to, any claim of attorney-client privilege,

7   attorney work product, or other ground for withholding production as to which the

8   producing party would be entitled in the Litigation or any other federal or state

9   proceeding.  This provision is designed to foreclose any arguments by the receiving

10  party that the production of Confidential Materials subject to a legally recognized

11  claim of privilege, including without limitation the attorney-client privilege, work-

12  product doctrine, or other applicable privilege:

13          a.      was not inadvertent by the producing party;

14          b.      that the producing party did not take reasonable steps to prevent

15                  the disclosure of privileged Documents;

16          c.      that the producing party did not take reasonable or timely steps

17                  to rectify such Disclosure; and/or

18          d.      that such Disclosure acts as a waiver of applicable privileges or

19                  protections associated with such Documents.

20          7.      Any Confidential Material designated as "ATTORNEYS' EYES

21  ONLY – SUBJECT TO PROTECTIVE ORDER" and the information contained

22  therein shall be disclosed only to the following:  (a) the Court, its staff, and counsel,

23  including research attorneys; (b) outside counsel for the parties and their personnel;

24  and (c) vendors retained by or for the parties to assist in preparing for pretrial

25  discovery (including employees, of any firm retained to produce the discovery

26  material for use in accordance with this Protective Order), litigation, trial, and/or

27  hearings including, but not limited to, court reporters, videographers, litigation

28  support personnel, jury consultants, individuals preparing demonstratives and

SMRH:478990138.1                                    -7-

1   audiovisual aids for use in the courtroom, depositions, or mock jury sessions,

2   provided that they, as well as their staff and clerical employees whose duties and

3   responsibilities require access to such materials, have signed the Affidavit attached

4   hereto as Exhibit A; and (d) consulting and testifying experts.  Additionally, outside

5   counsel for a receiving party may prepare and provide to in-house counsel a

6   summary of any Confidential Material designated as "ATTORNEYS' EYES ONLY

7   – SUBJECT TO PROTECTIVE ORDER," on an as-needed basis.  Confidential

8   Material shall not be disclosed to any outside experts or consultants who are current

9   employees of a direct competitor of any party named in the Litigation.  Counsel

10  shall advise all persons to whom Confidential Material is disclosed pursuant to this

11  Order of the existence of this Order, and shall provide all such persons (other than

12  the Court and its staff) with a copy of this Order.  Counsel also shall require all

13  persons, except the Court, its staff, outside counsel of record and such counsel's

14  staff personnel, to execute the Affidavit attached as *Exhibit A*, prior to the disclosure

15  of Confidential Material.

16         8.      Any Confidential Material designated as "CONFIDENTIAL –

17  SUBJECT TO PROTECTIVE ORDER" and the information contained therein shall

18  be disclosed only to the following:  (a) those individuals identified in Paragraph 7;

19  (b) in-house counsel for the parties; (c) the principals, officers, and directors of the

20  parties; (d) employees of a party to whom disclosure is necessary in connection with

21  the preparation for and trial of this action; and (e) any witnesses in the case as may

22  from time to time reasonably be necessary in prosecution or defense of this action.

23         9.      It shall be the obligation of counsel, upon learning of any breach or

24  threatened breach of this Stipulated Protective Order, to promptly notify counsel for

25  the designating party of such breach or threatened breach.  Counsel shall not

26  otherwise offer and take reasonable efforts to prevent disclosure of any Confidential

27  Material, its contents, or any portion or summary thereof.  Disputes concerning the

28

SMRH:478990138.1

1   confidential nature of such materials shall be resolved by the Court upon motion

2   prior to dissemination of any Confidential Material.

3       10.   Persons having knowledge of Confidential Material and information

4   solely by virtue of their participation in the conduct of this litigation shall use them

5   for that purpose only and only as permitted herein, and shall not disclose such

6   Confidential Material, their contents or any portion or summary thereof to any

7   person(s) not involved in the conduct of this litigation.  If any person having access

8   to the Confidential Material herein shall violate this Order, he/she may be subject to

9   sanctions by the Court.

10      11.   The provisions of this Stipulated Protective Order shall not affect, and

11  this Order does not limit, the use or admissibility of Confidential Material (or

12  references to that material) as evidence at trial, or during a hearing or similar

13  proceeding in this action or as part of the record on appeal, provided that either party

14  may seek an appropriate Court Order to protect Confidential Material.

15      12.   Nothing in this Stipulated Protective Order shall be deemed to preclude

16  any party or interested member of the public from seeking and obtaining, on an

17  appropriate showing, a modification of this Order including additional protection

18  with respect to confidentiality of material or the removal of a confidential

19  designation. Should counsel or an interested member of the public disagree with any

20  designation of material as confidential, he or she first shall attempt to resolve such

21  dispute with the parties' counsel and, if unsuccessful, apply to the Court for a

22  determination as to whether the material or information should remain designated as

23  Confidential Material. Pending resolution of any challenges, the material at issue

24  shall continue to be treated as Confidential Material until ordered otherwise by the

25  Court.

26      13.   The restrictions set forth in any of the preceding paragraphs shall not

27  apply to information or material that was, is or becomes public knowledge in a

28  manner other than by violation of this Order.

14.     If CONFIDENTIAL or ATTORNEYS' EYE ONLY material so designated is used by a party to whom or which it has been produced or disclosed as part of a paper filed or lodged with the Court, the party using it shall take all reasonable steps to preserve the continued confidentiality of that designated CONFIDENTIAL or ATTORNEYS' EYE ONLY material, including maintaining the designation of confidentiality in all places where it is so used and requesting that it is filed or lodged with the Court under seal in accordance with  C.D. Cal. Local Rule 79-5.

15.     In general, court orders are available to the public.  To the extent that a party refers to or relies upon material that is filed under seal in its pleadings, the pleadings must request that specific information be kept confidential.  Absent the granting of such advance request, the Court may incorporate all evidence in its written and oral rulings.

16.     This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals.  Within 30 days of settlement or final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, all items designated as "Confidential" or "Attorneys' Eyes Only," and all copies or summaries thereof shall be returned to the party that produced such materials or be destroyed.  Whether the Confidential Material is returned or destroyed, counsel for the receiving party must submit a written certification to counsel for the designating party by the 30-day deadline that (1) identifies (by category, where appropriate) all the Confidential Material that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material.  Notwithstanding this provision, counsel for the parties shall be entitled to retain their attorney work product.

17.     If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand

1 (collectively, a "Demand") issued in any other action, investigation, or proceeding,

2 and such Demand seeks material that was produced or designated as Confidential

3 Material by someone other than the receiving party, the receiving party shall give

4 prompt written notice by hand, email or facsimile transmission within five (5)

5 business days of receipt of such Demand to the party or non-party who produced or

6 designated the material as Confidential Material, and shall object to the production

7 of such materials on the grounds of the existence of this Order.  The burden of

8 opposing the enforcement of the Demand shall fall upon the party or non-party who

9 produced or designated the material as Confidential Material.  Unless the party or

10 non-party who produced or designated the Confidential Material obtains an order

11 directing that the Demand not be complied with, and serves such order upon the

12 receiving party prior to production pursuant to the Demand, the receiving party shall

13 be permitted to produce documents responsive to the Demand on the Demand

14 response date.  Compliance by the receiving party with any order directing

15 production pursuant to the Demand of any Confidential Material shall not constitute

16 a violation of this Order.  Nothing in this Order shall be construed as authorizing a

17 party to disobey a lawful subpoena issued in another action.

18        18.    In the event additional parties join or intervene in this litigation, the

19 newly joined party(ies) shall not have access to Confidential Material until its/their

20 counsel has executed and, at the request of any party, filed with the Court the

21 agreement of such party(ies) and such counsel to be fully bound by this Order.

22        19.    The parties agree that nothing in this Order shall be deemed to limit the

23 extent to which counsel for the parties may advise or represent their respective

24 clients, conduct discovery, prepare for trial, present proof at trial, including any

25 document herein, or oppose the production or admissibility of any information or

26 documents which have been requested.

27

28

1        20.    This Order shall remain in full force and effect until such time as it is

2    modified, amended or rescinded by the Court.

3

4        **IT IS SO ORDERED.**

5

6    Dated:  September 01, 2016    
                                   _____
                                   UNITED STATES MAGISTRATE  JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their respective counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order may be entered in this action.

Dated:  August 25, 2016

JEFFER MANGELS BUTLER & MITCHELL LLP


By                        /s/
                    JON A. WEININGER

Attorneys for Plaintiff
ULTIMATE BRAND MANAGEMENT, LLC


Dated:  August 26, 2016


SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By     /s/ Bridgette A. Agness
                Bridgette A. Agness

Attorneys for Defendant
WAL-MART STORES, INC.

1

## **EXHIBIT A**

2

3

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

| | |
|---|---|
| ULTIMATE BRAND MANAGEMENT, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>        v.<br><br>WAL-MART STORES, INC., a Delaware corporation; and DOES 1-10,<br><br>                    Defendants. | Case No. 2:15-cv-10001 BRO (AJWx)<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

12

13

14

I, _____ , declare and state that:

15

16

1.     I am employed as _____ by

17

_____.

18

2.     I live at _____

19

_____.

20

3.     I have read the Stipulated Protective Order entered in *Ultimate Brand*

21

*Management, LLC v. Wal-Mart Stores, Inc.*, Case No. 2:15-cv-10001 BRO (AJWx),

and have received a copy of the Stipulated Protective Order.

22

4.     I hereby agree to abide by the Stipulated Protective Order, subject to all

23

penalties prescribed therein, including contempt of Court, for disobedience of said

24

Order.  I promise that the documents and information given confidential treatment

25

under the Stipulated Protective Order entered in this case will be used by me only in

26

connection with assisting counsel for the parties in preparing for litigation of the

27

above-captioned matters.  I understand that any use of such Confidential Material in

28

1    any manner contrary to the provisions of the Stipulated Protective Order will subject

2    me to the sanctions of this Court for contempt.

3         5.    Promptly upon termination of this action, I will return all Confidential

4    Information which came into my possession, and all documents or things which I

5    have prepared relating thereto, to counsel for the party by whom I am employed or

6    retained.

7         6.    I acknowledge that, by signing this agreement, I am subjecting myself

8    to the jurisdiction of the United States District Court for the Central District of

9    California with respect to enforcement of the Stipulated Protective Order.

10

        I declare under penalty of perjury that the foregoing is true and correct.

11

12   Date: _____      By: _____

13                                           (Signature)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:478990138.1
                                        -15-